UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ASEM FAROOQ,**

   Movant,

v.                                               No. 4:24-cv-0641-P
                                                 (No. 4:23-cr-0028-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Asem Farooq pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the reply, record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On February 8, 2023, Movant was named in an information charging him with making a false statement in an application for a passport, in violation of 18 U.S.C. §§ 1542 and 2. CR ECF No.[1] 1. Two retained attorneys entered appearances on his behalf. CR ECF Nos. 4, 5. Movant and his counsel signed a waiver of indictment, CR ECF No. 14, a plea agreement, CR ECF No. 15, and a factual resume. CR ECF No. 17. The factual resume set forth the maximum penalties Movant faced, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. *Id.* The plea agreement reflected that Movant agreed to plead guilty to the offense charged by the information and that the government agreed not to bring any additional charges against Movant based on the conduct underlying and related to the plea. CR ECF No. 15. It also set forth the maximum penalties Movant faced, explained the Court's sentencing discretion and role of

---

[1] The reference to "CR ECF No. __" is to the number of the item on the docket in the underlying criminal case, No. 4:23-cr-0028-P.

the guidelines, reflected that the plea was freely and voluntarily made and not the result of force, threats, or promises, that Movant waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with his legal representation. *Id.*

Movant testified under oath at arraignment that: he had discussed with counsel the charge against him and how the sentencing guidelines might apply; he was of sound mind and fully understood what he was doing; he had read and understood the information; he had committed all of the essential elements of the offense; he had discussed with counsel the charge, the issue of punishment, and how the sentencing guidelines might apply and was fully satisfied with the representation he had received; he had read and understood the plea agreement, including the waiver of right to appeal, before he signed it; he discussed the waiver of right to appeal with counsel and knowingly and voluntarily waived his right to appeal as set forth in the plea agreement; he knowingly and voluntarily entered into the plea agreement; no one had made any threats, promises, or assurances to induce him to plead guilty; he understood that he faced a term of imprisonment not to exceed ten years; and, he had read and understood the factual resume before signing it and all the facts stated in it were true and correct. CR ECF No. 96.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 8. CR ECF No. 32, ¶ 20. He received a two-level decrease for acceptance of responsibility. *Id.* ¶ 27. Based on a total offense level of 6 and a criminal history category of I, Movant's guideline imprisonment range was 0 to 6 months. *Id.* ¶ 59. Counsel filed a sentencing memorandum highlighting Movant's military service, medical issues, his role in the family, and his volunteer work. CR ECF No. 43. The government did not disagree with Movant's request for a sentence of probation. CR ECF No. 44.

At sentencing, the Court noted that Movant had previously filed a motion to withdraw his plea and to have new counsel appointed to represent him and that counsel had filed a motion to withdraw. The Court adopted the Magistrate Judge's findings with regard to the

motions, which had been denied. CR ECF No. 98 at 4. In addition, Movant had filed an *ex parte* request for the Court to inquire into his desire for self-representation. CR ECF No. 60. He withdrew the request at sentencing. CR ECF No. 98 at 3. The Court inquired whether there was "anything else anybody else need[ed] to say on the record" before the Court went forward with the sentencing and nothing else was raised. *Id.* at 4. The Court noted that Movant was getting an "extraordinary good deal." *Id.* at 6. During allocution, Movant reminded the Court that he had a lot of mental health issues. *Id.* at 9. Then he asked to withdraw his plea, *id.* at 10, which the Court denied. *Id.* at 10–12. The Court again determined that Movant understood the reason he was in court despite Movant's statement that he did not. *Id.* at 13–15.

The Court sentenced Movant to a three-year term of probation. CR ECF No. 68. Movant appealed, CR ECF No. 70, even though he had waived the right to do so. CR ECF No. 15, ¶ 12. Counsel were allowed to withdraw, CR ECF No. 82, and another attorney was appointed to represent Movant on appeal. CR ECF No. 87. The appellate attorney filed a motion to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Farooq*, No. 23-10641, 2024 WL 415456 (5th Cir. Feb. 5, 2024).

## GROUNDS OF THE MOTION

Movant filed a purported petition under 28 U.S.C. § 2241, ECF No.[2] 1, which the Court cautioned would be construed as a motion under 28 U.S.C. § 2255 unless Movant withdrew the filing. ECF No. 5. Movant did not withdraw or amend the motion as ordered, so the action proceeded. ECF No. 8. He filed a document, ECF No. 10, the Court interpreted as an amended motion. ECF No. 11. He filed a further document, ECF No. 36, that the Court construed to be part of his motion under § 2255. ECF No. 37. Considering these filings, it appears that

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

Movant asserts four grounds in support of his motion, three alleging that he received ineffective assistance of counsel and one alleging that the Court acted improperly by declining to appoint new counsel.

## APPLICABLE LEGAL STANDARDS

### A. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice

4

suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

To the extent Movant argues that his attorneys rendered ineffective assistance in failing to present evidence about his mental health issues and other problems, his claims are belied by the record. The sentencing memorandum addressed Movant's military service, his chronic medical conditions, mental health problems, his caring for and supporting his mother and younger brother, and his community volunteer work. CR ECF No. 43. All of these things were set forth in the PSR for which Movant himself provided the personal information. CR ECF No. 32, ¶ 36. The Court was well aware of the circumstances and rendered a sentence of probation despite serious misgivings. Movant has not shown that counsel were ineffective in any respect, much less that he was harmed as a result.

As for the contention that counsel failed to investigate the case, one who alleges a failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). Here, Movant can only speculate as to what might have been done and how it would have made any difference. His

5

conclusory allegations are insufficient to raise a claim. *Miller*, 200 F.3d at 282.

Finally, with regard to ineffective assistance, Movant alleges that counsel gave him faulty legal advice by telling him that if he went to trial he would receive a two-year prison sentence. ECF No. 10 at 4–5. Indeed, the government confirms that if the plea agreement had not been reached, the government anticipated charging Movant with aggravated identity theft, which carries a mandatory two-year sentence. 18 U.S.C. § 1028A. ECF No. 38 at 8. In any event, the allegation that his plea was not knowing, voluntary, and intelligent is wholly belied by the record. Movant's plea agreement, CR ECF No. 15, and factual resume, CR ECF No. 17, are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). His solemn declarations in open court, admitting among other things that he understood the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant clearly understood the penalties he faced and the failure of counsel to accurately predict his sentence does not render his plea unknowing or involuntary. *See Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989). He has not shown that there is a reasonable probability that, but for counsels' alleged errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). His own *ipse dixit* is insufficient to meet this burden. *See Lee v. United States*, 582 U.S. 357, 369 (2017).

In what he describes as "coercion by the Court," Movant alleges that the Court erred by declining to provide him new counsel just before sentencing and forcing him to proceed with incompetent counsel. ECF No. 10 at 7; ECF No. 36 at 3. The contention that Movant's retained counsel were incompetent is without merit and frivolous. Thanks to counsels' excellent work, Movant received a sentence of probation despite the Court's misgivings. Movant waived the

right to pursue this claim in any event. CR ECF No. 15, ¶ 12. His waiver was knowing, voluntary, and enforceable. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). And, this ground is procedurally barred as habeas review is not a substitute for appeal. *Shaid*, 937 F.2d at 231.

The Court is not considering any new issues raised in the filings Movant has made in reply to the response. *See, e.g.*, ECF No. 39 at 7. *Cervantes*, 132 F.3d at 1111 (movant has no right to amend without leave after the government files its response to a § 2255 motion); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (same; issues not properly raised will not be considered). The Court is not granting Movant any additional time to file a reply. Pursuant to the Order & Instructions to Parties in a Motion Under 28 U.S.C. § 2255, Movant had thirty days from the filing of the response in which to file a reply of not more than ten pages. ECF No. 8. Movant has already filed numerous documents in reply, exceeding the page limit and addressing issues beyond the response. ECF Nos. 39–46. The Court will not consider anything further.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**. The motion for extension of time to file reply and all other requests for relief are likewise **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **11th day of December 2024.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE